UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH M. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-00850-SEB-TAB |
| | ) |
| CAROLYN W. COLVIN Acting | ) |
| Commissioner of SSA, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel July 14, 2014, for an oral argument on Plaintiff's claim for disability benefits. Set forth below is the Magistrate Judge's recommended decision issued from the bench following that argument. This ruling recommends that the ALJ's determination be reversed and that this case be remanded for further proceedings. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

THE COURT: This case presents the following primary issues for appeal: First, whether the ALJ erred by not giving adequate weight to the treating physician's opinion in whether the ALJ's conclusions are supported by substantial evidence; and second, whether the ALJ erred in a step five determination by using the grid to determine the Plaintiff's disability by failing to identify the existence of significant jobs in the national economy and by failing to use a vocational expert.

By way of background, Plaintiff was steadily employed from I believe it was 1993 through 2009. In any event, he had a steady work employment but then filed for disability for a period

alleging a disability onset date of June 20, 2009. An ALJ found that he was not disabled through the date of the decision, which was November 18, 2011.

The Plaintiff alleged both physical and mental impairments in support of his disability claim. Although Plaintiff was hospitalized on an emergency basis for threatening suicide by way of sticking a knife to his throat, the ALJ found any alleged mental impairment as not severe and unsupported by the medical evidence.

The ALJ did find that Plaintiff had the severe impairment of degenerative disc disease but found that this did not constitute a disability. The appeals counsel then denied review, and this appeal followed. In considering this appeal, the standard of review provides that the Court must uphold the ALJ's decision if substantial evidence supports the findings. Terry, T-E-R-R-Y v. Astrue, 580 F.3d 471 at 475 (7th Cir. 2009).

The ALJ is obligated to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding, Denton v. Astrue 596 F.3d 419, 425 (7th Cir. 2010).

If evidence contradicts the ALJ's conclusion, the ALJ must confront the evidence and explain why it was rejected. Moore, M-O-O-R-E v. Colvin, C-O-L-V-I-N, 743 F.3d 1118 at 1123 (7th Cir. 2014).

The ALJ, however, need not mention every piece of evidence as long as the ALJ builds a logical bridge from the evidence to the conclusion. Pepper v. Colvin, 712 F.3d 351 at 362 (7th Cir. 2013).

West asserts that the ALJ failed to justify his reason for discrediting his treating physician's opinion on his mental and physical impairments. I will address that issue first with respect to his mental impairments as well as overall, whether that decision is supported by substantial evidence.

The ALJ gave little weight to Dr. Aldo Buonanno's November 2, 2009, psychiatric

evaluation of the Plaintiff but gave great weight to Dr. Joseph Pressner's December 11, 2009, consultative examination of the Plaintiff. The ALJ takes issue with the fact that Dr. Buonanno saw Plaintiff only one time; but the fact is, that Dr. Pressner never saw him at all. Moreover, Dr. Buonanno is a psychiatrist, whereas Dr. Pressner is a psychologist. More important, Dr. Pressner and the ALJ failed to even mention -- let me strike that. The ALJ fails to mention -- not Dr. Pressner.

The ALJ fails to mention that in July of 2010, the Plaintiff was committed to Howard Regional Hospital psychiatric unit after threatening to kill himself with a knife in front of his wife. That is in the record at pages 440 through 445. The ALJ's conclusion that there is a lack of medical records with no evidence of decompensation fails to account for Plaintiff's detention to the psychiatric unit and the subsequent treatment notes that are in the record at pages 341 through 446.

I find it significant that the ALJ gave little weight to Dr. Buonanno's determination and great weight to Dr. Pressner's determination when understandably with the benefit of hindsight, Dr. Buonanno's impressions proved much more on the mark. But certainly, the ALJ should have mentioned the emergency room and subsequent admission of the Plaintiff in connection with this attempted suicide. The ALJ's failure to mention that episode in any way undermines the ALJ's determination that the Plaintiff had no mental impairment and to give great weight to Dr. Pressner's decision while giving little weight to Dr. Buonanno's evaluation. Indeed, Dr. Buonanno's assessment of the Plaintiff's mental health is consistent with the complaints asserted in the July 2010 psychiatric detention. In addition, Dr. Buonanno's evaluation indicated that the Plaintiff had suicidal ideations in the past and that West struggled in organizing his thoughts.

In fact, looking at Dr. Buonanno's evaluation, it is striking the difficulties that he observed the Plaintiff was undergoing, which included at page 276 of the record, that the Plaintiff didn't understand basic proverbs, had difficulty understanding the difference between an apple and a

3

peach, couldn't name five states, when asked, and didn't know what day of the week it was, nor did he know the year.

Now if this was a case where the Plaintiff was accused of exaggerating his symptoms or malingering or something of that nature, perhaps those observations by Dr. Buonanno could be subject to a more -- could be subject to more scrutiny, but there is no evidence in this record of that, and those are significant mental issues that Dr. Buonanno observed. And I am uncomfortable with the manner in which the ALJ so readily discounted those findings.

The ALJ is obligated to consider all relevant evidence and cannot simply cherrypick the facts that support a finding of nondisability while ignoring evidence that points to a disability finding, Denton v. Astrue, 596 F.3d 419 at 425 (7th Cir. 2010). Thus, remand is necessary to properly discuss the evidence concerning West's mental health. On remand, the ALJ will have an opportunity to also consider evidence of West's special education, his recurring panic attacks, and his related diagnoses, which the ALJ also appears to have ignored.

Now I understand that the ALJ put great emphasis on the fact that three days prior to the Plaintiff's alleged onset date, he was working and that his employer reported in a questionnaire at pages 170 through 172 of the record, that he was a reliable and good worker.

Those facts may present problems for the Plaintiff on remand, but that doesn't change the fact that the ALJ is required to consider all of the medical evidence and to explain why he is not agreeing with the doctors or why he is giving one doctor who never saw the Plaintiff great weight and the other doctor who did evaluate the Plaintiff, little weight.

Turning to the Plaintiff's physical impairment, the Plaintiff argues that the ALJ ignored reports from his treating physician, Dr. Takacs, as well as Dr. Duane Pierce's report diagnosing Plaintiff with severe lower back pain and finding West unable to maintain full employment.

I agree that the ALJ's determination is problematic in this regard, and frankly, I find it somewhat shocking that the ALJ fails to even mention Dr. Takacs' report anywhere in his

4

decision even though Dr. Takacs treated the Plaintiff for five years. Dr. Takacs consistently prescribed pain medication, noted West's reported back pain complaints, and found positive tenderness on West's lower back. That is in the record at pages 316, 318, 321 through 322.

Dr. Takacs' September 1, 2011 examination reported painful range of motion, a positive straight leg test, and an antalgic, A-N-T-A-L-G-I-C gait, record at 519. Now this is not to say that Dr. Takacs' treatment notes fully support Plaintiff's disability claim. Dr. Takacs also reported normal toe-to-heel walking, negative bilateral straight leg raises, and normal knee reflexes. He also indicated normal joint mobility in the lower back. That is in the record at pages 477 and 501.

An ALJ is required to give a treating physician, which clearly Dr. Takacs was, controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other medical evidence. Bauer, B-A-U-E-R v. Astrue, 532 F.3d 606 at 608 (7th Cir. 2008).

If the ALJ discounts the physician's opinion after considering the factors set forth in 20 CFR, Section 404.1527(d)(2), then the ALJ must minimally articulate his reasons for doing so. Elder, E-L-D-E-R v. Astrue, 529 F.3d 408 at 411, (7th Cir. 2008). Here, however, the ALJ failed to discuss any of the evidence from Dr. Takacs' reports, yet alone minimally articulate a reason for discounting his opinion. That is problematic.

Instead, the ALJ relied on Dr. Sands' opinion in an evaluation from Dr. West's employer, which I have already mentioned, a nonphysician, to determine disability. State agency physician Dr. Sands, who never evaluated -- who never met with the Plaintiff concluded that West was capable of performing light exertional work with only occasional postural limitations and no manipulative, visual, communicative, or environmental limitations. The ALJ found Dr. Sands' opinion consistent with the medical evidence from West's MRI reports.

The ALJ's decision to rely on a state agency examiner without setting forth the proper analysis of the treating physician's opinion as set forth in 20 CFR, Section 416.927(c) is in error,

5

and remand is appropriate so that the ALJ evaluates the Plaintiff's treating physician's opinion.

Plaintiff also argues that the ALJ ignored several other important pieces of evidence. The ALJ, for example, gave little weight to Dr. Duane Pierce's report that concluded Plaintiff would have difficulty standing for more than two to three hours, would be unable to climb stairs or ladders, would not be able to lift over 15 pounds, and would have difficulty working at that time, due to lower back pain.

The ALJ discounted this report and gave it little weight on the grounds that Dr. Pierce saw the Plaintiff only once, and his opinion was inconsistent with the medical evidence as a whole. Again, I find it interesting and somewhat troubling that the ALJ specifically noted, as the ALJ did with respect to Dr. Buonanno and Dr. Pressner, that Dr. Pierce saw the Plaintiff only one time and then goes on to rely upon Dr. Sands, who never saw the Plaintiff, just as Dr. Pressner never saw the Plaintiff, whereas Dr. Buonanno did. And although the ALJ indicates that the conclusions of Dr. Pierce and previously, the conclusion of Dr. Buonanno, are inconsistent with the medical evidence as a whole, the ALJ does little to explain this conclusion.

The ALJ also failed to discuss Plaintiff's Indiana medicaid disability finding and Dr. Brkaric's evaluation report indicating that West could not benefit from surgery. Those are in the record at pages 330 and 504 through 509.

While afforded little weight -- excuse me. While not an error in and of itself, the ALJ should have more adequately addressed these medical findings. Indeed, the ALJ did not even discuss Dr. Brkaric's evaluation. The ALJ will have an opportunity to reconsider this evidence on remand. Although Plaintiff does not assign a specific error to the ALJ's credibility findings, Plaintiff does mention them, and I will as well.

The ALJ highlighted in his credibility determination that Plaintiff's last day of work at his job was a mere three days before the onset date of disability that he now alleges. Nevertheless, there is no evidence of a significant deterioration in West's medical condition since the layoff.

6

That is in the record at page 17. In fact, there is evidence of deterioration since the date of layoff in the record at page 246 in a note from Witham Health Services dated September of 2009.

The report states: "this is a 41-year-old male with a history of lumbar radiculitis. Patient states the pain starts in his lower back and radiates all the way down to the toes. His left side is significantly greater than the right. The patient states that this pain has been there for the last year or so. The pain is progressively getting worse. The pain is worse with bowel movements. Nothing in particular makes the pain better. The patient currently rates the pain eight out of ten -- at best, it is eight out of ten. At worst, it is ten out of ten. He describes the pain as a sharp type of pain."

So there is evidence, despite what the ALJ concluded, of deterioration in the medical condition, which would be consistent with the type of complaints the Plaintiff has as it relates to his physical impairment. Remand will provide the ALJ an opportunity to revisit the credibility findings that I have mentioned.

The second error relates to step five. West argues that the ALJ erred in failing to use a vocational expert and in relying on the medical vocational guidelines, also known as the grid, to determine disability. According to the Plaintiff, substantial evidence shows Plaintiff suffered exertional and nonexertional impairments; and thus, the ALJ was required to use a vocational expert at step five. As previously noted, the ALJ's decision ignored evidence of Plaintiff's emergency detention to a psychiatric unit and his subsequent counseling. The ALJ also failed to mention and discuss West's treating physician's opinion in the decision.

Instead, the ALJ relied on a state agency examiner and a questionnaire from employer Bricker Construction without setting forth any explanation as to why he did not give Plaintiff's treating physician's opinion controlling weight. As a result of these flaws, which I have just noted, as well as the additional concerns expressed throughout this opinion, I find that the ALJ did not support his RFC determination with substantial evidence.

The ALJ's step five disability determination relied on this faulty RFC finding and does not accurately reflect Plaintiff's capabilities. Thus, remand is appropriate so that the ALJ may properly evaluate the medical evidence to determine Plaintiff's capabilities. Therefore, for these reasons, I will recommend that the ALJ's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. Section 405(g) to allow the ALJ to further consider this evidence.

Dated: 7/29/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

C. David Little
POWER LITTLE & LITTLE
powerlittl@accs.net

Luke F. Woltering
SOCIAL SECURITY ADMINISTRATION
luke.woltering@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov