UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH M. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 1:13-cv-00850-SEB-TAB |
| | ) |
| CAROLYN W. COLVIN | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S REQUEST FOR
ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**

**I.   Introduction**

The issue of attorney's fees in this case essentially presents the Court with the question of whether West's counsel may be awarded $8,113.50 in attorney's fees under 42 U.S.C. § 406(b) for representing Mr. West in district court. On August 2, 2016, the Magistrate Judge held a telephonic status conference to discuss the fee petition. For the reasons explained below, the Court finds the award is appropriate, so long as counsel returns his Equal Access to Justice Act award to West.

**II.   Background**

On appeal, the District Court remanded this Social Security case back to the ALJ. On remand, the ALJ found in favor of West and awarded him $62,454.50 in past-due benefits. [Filing No. 53, at ECF p. 1.] Twenty-five percent of those benefits is $15,613.50. West's counsel received $7,500 under EAJA. [*Id.*] West's counsel also received $6,000 under § 406(a). [Filing No. 60, at ECF p. 1.] West's counsel is seeking $8,113.50 under § 406(b).

**III.    Discussion**

EAJA allows prevailing Social Security claimants to collect attorney's fees.  In addition, 42 U.S.C. § 406 allows a prevailing plaintiff's counsel to collect attorney's fees, not exceeding 25 percent of past-due benefits.  Under § 406(a), a plaintiff's counsel can collect attorney's fees up to $6,000 for administrative proceedings.  Under § 406(b), a plaintiff's counsel can collect attorney's fees for district court proceedings.  A prevailing plaintiff's counsel can pursue and be awarded fees under both § 406 and EAJA.  *Gisbracht v. Barnhart*, 535 U.S. 789 (2002).  However, if the Court awards fees under both § 406(b) and EAJA, the attorney can only keep the larger of the two and must return the lesser amount to the plaintiff.  *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011).

West's counsel argues that § 406(a) and § 406(b) fees individually, rather than together, have a 25 percent cap. [Filing No. 60, at ECF p. 1.]  Although there is a split in the circuits on this issue, district courts within the Seventh Circuit consistently hold that a combination of § 406(a) and § 406(b) fees cannot exceed 25 percent.  *Groves v. Colvin*, 2016 WL 3157552 (N.D. Ind. 2016); *Ittel v. Colvin*, 2014 WL 4905638 (N.D. Ind. 2014); *Kopulos v. Barnhart*, 318 F.Supp.2d 657 (N.D. Ill. 2004).

Even so, the Court need not address this issue because West's counsel does not seek an amount greater than 25 percent, or $15,613.50.  West's counsel is seeking $8,113.50 in § 406(b) fees which, when combined with the $6,000 in § 406(a) fees, totals $14,113.50.  Because $14,113.50 is less than 25 percent of past-due benefits, the 25 percent cap is not an obstacle.

The issue that has emerged is whether the EAJA award should be deducted from the § 406(b) award or returned to West from his counsel's trust account.  During the telephonic status conference, parties agreed that a § 406(b) award of $8,133.50 is reasonable, and West's counsel

2

agreed to give the $7,500 in EAJA fees to West if he was awarded § 406(b) fees. However, the Commissioner argued that the $7,500 in EAJA fees should offset the $8,113.50 in § 406(b) fees, resulting in a net payment of $2,112.50 to West's counsel. The Commissioner reasons that the combined amount the government pays to the attorney under § 406(a), § 406(b), *and* EAJA cannot exceed 25 percent. The Commissioner explained that he serves in a "trustee-like" role for West's past-due benefits. In this role, the Commissioner argued that the best way to ensure the EAJA fees are paid to West is by deducting them from the § 406(b) fees. This results in the same net payment West and his counsel would each receive if West's counsel was paid § 406(b) fees and then gave West the EAJA fees.

While the Court recognizes the Commissioner's logic, courts consistently order a plaintiff's attorney to refund the lesser EAJA fees to the plaintiff—instead of deducting it from the § 406(b) award—when awarding the plaintiff's attorney § 406(b) fees. *Gisbracht*, 535 U.S. at 796; *Vickery v. Colvin*, 2016 WL 1394255, at *1 (S.D. Ill. April 8, 2016); *Wyatt v. Colvin*, 2014 WL 50194, at *2 (S.D. Ind. Jan. 6, 2014). In the past, courts have awarded the full 25 percent in § 406 fees despite having previously awarded the plaintiff's counsel EAJA fees. *Vickery*, 2016 WL 1394255 at *1; *Wyatt*, 2014 WL 50194 at *2. So too here, the Magistrate Judge will not factor in EAJA fees to a § 406(b) award.

### III.   Conclusion

The Plaintiff's Motion for Attorney's Fees under § 406(b) [Filing No. 53] is granted. The Commissioner shall pay West's counsel the full $8,113.50 under § 406(b) because it alone and in combination with § 406(a) fees does not exceed 25 percent of West's past-due benefits,

notwithstanding the prior EAJA award. West's counsel must refund the EAJA award of $7,500 to West instead of deducting it from the § 406(b) award.

Date: 8/5/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

C. David Little
POWER LITTLE & LITTLE
powerlittle@powerlittle.com

Luke F. Woltering
SOCIAL SECURITY ADMINISTRATION
luke.woltering@ssa.gov

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
Gina.Shields@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov