UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH M. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:13-cv-00850-SEB-TAB |
| NANCY A. BERRYHILL, | ) |
| | ) |
| Defendant.[1] | ) |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTFF'S REQUEST FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**

This case is before the court on a motion by counsel for Plaintiff Joseph West for approval of attorney's fees pursuant to 42 U.S.C. § 406(b). On May 26, 2016, counsel's request was referred to Magistrate Judge Baker for issuance of a recommended decision. On August 8, 2016, Magistrate Judge Baker issued a Report and Recommendation that Mr. West's counsel be awarded $8,113.50 in attorney's fees under 42 U.S.C. § 406(b), and that he refund the fees separately awarded under the Equal Access to Justice Act ("EAJA") to Mr. West.[2] We now address the objections by Mr. West's counsel to the Magistrate Judge's Report and Recommendation.

---

[1] Ms. Berryhill, who succeed Carolyn W. Colvin, is automatically substituted as Defendant in this case. Fed. R. Civ. Pro. 25(d).

[2] Magistrate Judge Baker issued an order to this effect on August 5, 2016 [Docket No. 64], but the entry was amended on August 8, 2016, to reflect that the initial award of fees

## I. Factual and Procedural Background[3]

Mr. West initially brought this action to contest the denial of Social Security and disability insurance benefits by Defendant, the Commissioner of Social Security. Mr. West, by counsel, appealed his Social Security case to this court and, on July 29, 2014, Magistrate Judge Baker issued a Report and Recommendation that the case be reversed and remanded to the Administrative Law Judge for further proceedings; we adopted that Report and Recommendation. Docket Nos. 38 and 39. On remand, the ALJ found in favor of Mr. West and awarded him $62, 454.50 in past-due benefits for the relevant period.[4] Docket No. 53 at p. 1. Mr. West's counsel was awarded $6,000 under 42 U.S.C. § 406(a) for his representation of Mr. West before the Social Security Administration. Docket No. 60 at 1.

On November 13, 2014, counsel for Mr. West moved for fees under the EAJA, and, after the Commissioner stipulated to the award of $7,500, this court granted the request on January 22, 2015. Docket Nos. 42, 49, 50. On May 26, 2016, Mr. West's counsel moved for attorney's fees under 42 U.S.C. § 406(b). The Magistrate Judge's Report and Recommendation and Plaintiff's counsel's objection to the findings in that report followed. The Commissioner has not responded.

---

was properly considered a Report and Recommendation because the parties had not consented to the Magistrate Judge in this case. *See* Docket No. 65.

[3] The facts articulated herein are adopted from the Magistrate Judge's Report and Recommendation [Docket No. 64], which have not been disputed or objected to by the parties.

[4] As discussed more fully below, under 42 U.S.C. § 406 , there is a cap on an attorney's fee award of twenty-five percent of a Social Security claimant's past-due benefits. Twenty-five percent of Mr. West's award is $15, 613.50.

## II. Applicable Law and Standard of Review

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

An attorney may be awarded fees for representing a prevailing social security claimant, both before the agency and in federal court, and such fees are governed by 42 U.S.C. § 406. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 795-96 (2002). Section 406(a) controls fees for representation in administrative proceedings, and fees under section 406(b) are tied to representation in federal court. *Id.* Relevant here, under section 406(b)(2), the combination of those fees may not exceed twenty-five percent of a claimant's award of benefits. *See id.* Fees awarded under section 406 are charged against the claimant, not the government, and the fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id.*

The EAJA permits a "prevailing party" to receive attorney's fees for work performed in a judicial proceeding challenging an administrative denial of social security benefits, "unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust" (circumstances not presented here). 28 U.S.C. § 2412(d)(1)(A). Congress has provided authority allowing counsel to be awarded fees under both section 406 and the EAJA for the same work in successful representation of a social security claimant. *See Gisbrecht*, 534 U.S. 796 (explaining that "an EAJA award offsets an award under Section 406(b)"); *see also Kopulos v. Barnhart*, 318 F.Supp.2d 657, 660 (N.D. Ill. 2004) (conducting a statutory analysis and a thorough discussion on the awarding of attorneys' fees under the Social Security Act and under the EAJA, including its amendments). If a court awards attorney fees under both provisions, however, the smaller fee must be refunded to the attorney's client, the claimant. *Matthews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011).

As the Magistrate Judge noted here, there is a split among the judicial circuits on the issue of whether the twenty-five percent cap applies to the combination of fees under section 406(a) and (b) or whether fees under each subsection may not exceed that amount. Docket No. 64 at 3. Further, Mr. West's counsel asserts that the Seventh Circuit has not issued controlling precedent on the issue. However, district courts within the Seventh Circuit have consistently held that fees under sections 406(a) and (b) combined may not exceed twenty-five percent of a party's past-due Social Security and disability benefits. The Social Security Act requires courts to ensure that an award of fees is reasonable under the circumstances. *Gisbrecht*, 535 U.S. at 807.

## III. Discussion

In his Report and Recommendation, Magistrate Judge Baker granted the request by counsel for Mr. West for $8,113.50 in attorney's fees under 42 U.S.C. § 406(b) and ordered that counsel refund the $7,500 EAJA award to Mr. West. Docket No. 64 at 3-4. The Magistrate Judge rejected the argument by Mr. West's counsel that the twenty-five percent statutory cap applied to sections 406(a) and (b) individually as opposed to cumulatively, and explained that courts in our judicial circuits consistently hold that the combination of fees under section 406 cannot exceed twenty-five percent of the past-due award. *Id.* at 2-3.

The Magistrate Judge then addressed the parties' arguments concerning the interplay between counsel's section 406 fees and the EAJA award. Noting that counsel for Mr. West agreed to give the $7,500 EAJA fee to Mr. West if counsel were awarded $8,133.50 in section 406(b) fees, the Magistrate Judge rejected the Commissioner's assertion that the $7,500 EAJA award should offset the $8,113.50 section 406(b) fee award because the amount the government pays to an attorney under sections 406(a) and (b) and the EAJA cannot exceed twenty-five percent. *Id.* at 3. Although the Magistrate Judge "recognizes the Commissioner's logic" that the Commissioner serves in a trustee like role for West's past-due benefits and that the best way to ensure payment of the EAJA fees to Mr. West is to deduct them from the section 406(b) fee award, the Magistrate Judge concluded that it is proper to order counsel to refund the EAJA fee (the lesser amount) to Mr. West. *Id.* at 3 (citing *Gisbrecht*, 535 U.S. at 796; *Vickery v. Colvin*, 2016 WL 1394255 at *1 (S.D. Ill. April 8, 2016); *Wyatt v. Colvin*, 2014 WL 50194 (S.D.

5

Ind., Jan. 6, 2014)). Accordingly, the Magistrate Judge awarded counsel for Mr. West $8,113.50 in section 406(b) fees because this was consistent with the twenty-five percent statutory cap, and he declined to factor the EAJA fee award into the 406(b) award, instead ordering counsel to refund the $7,500 EAJA award to Mr. West. Docket No. 64 at 4.

Mr. West's counsel objects to the Magistrate Judge's recommendation. Docket No. 66 at 2 ("West objects to the Amended Entry of the Honorable Magistrate Tim A. Baker"). Counsel agrees that it is appropriate to give his client the $7,500 EAJA award, which counsel has placed in his trust account, but argues that counsel should then receive $15,613.50 in section 406(b) fees. Counsel's arguments, however, appear to be based on a misunderstanding of the applicable law as well as the Report and Recommendation. *Id*. at 2—4. Specifically, counsel appears to interpret the Magistrate Judge's recommendation to award him $613.50 ($8,113.50 minus the $7,500 EAJA award). Docket No. 66. But the Magistrate Judge explicitly declined to include the EAJA fees received by counsel into the section 406(b) award. Docket No. 64 at 3.

That counsel may not, in fact, totally object to the Report and Recommendation is disclosed at several points in his "opposition", including his agreement that an award of $8,113.50 under section 406(b) (the Magistrate Judge's recommendation) is appropriate. *Id*. at 1, 3. Counsel does object, however, to the Magistrate Judge's Report and Recommendation, in arguing that the twenty-five percent statutory cap does not apply to the combination of fees received under section 406(a) and (b) together—claiming instead arguing that the cap applies only to 406(b) fees. For this, he relies on *Clark v. Astrue*, 529

F.3d 1211 (9th Cir. 2008), which holds that the twenty-five percent cap does not apply to 406(a) fees. We are not persuaded by counsel's arguments. To begin with, the *Clark* case is non-precedential authority in the case before us. As the Magistrate Judge correctly found, courts within the Seventh Circuit consistently have held that the statutory cap on past-due benefits applies to 406(a) and (b) fees combined, and it is impermissible to demand or collect from a social security claimant more than the statutorily authorized allocation of past-due benefits. *See* 42 U.S.C. §§ 406(a)(5), (b)(2); *see also Kopulos,* 318 F.Supp. 2d at 659.

Accordingly, we affirm the Magistrate Judge's Report and Recommendation that counsel for Mr. West is entitled to an award of $8,113.50 in attorney fees under section 406(b), and that counsel must refund the lesser EAJA fee—the $7500 held in his trust account—to Mr. West. The Magistrate Judge properly determined, consistent with decisions by other district courts within the Seventh Circuit, that an award of $8,113.50 comports with the statutory cap and that the EAJA award should not offset the section 406(b) award. *See, e.g., Caldwell v. Berryhill,* 2017 WL 2181142 (S.D. Ind., May 18, 2017).

**Conclusion**

Plaintiff's objections are OVERRULED. We adopt the recommendations set forth in the Magistrate Judge's Report and Recommendation and award to counsel for Mr.

West the amount of $8,113.50 pursuant to 42 U.S.C. § 406(b), and direct Mr. West's counsel to refund the EAJA award of $7,500 to Mr. West.

**IT IS SO ORDERED.**

Date: _____6/20/2017_____  _____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

C. David Little
powerlittle@powerlittle.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
Kathryn.olivier@usdoj.gov

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
Gina.Shields@usdoj.gov